## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KCG AMERICAS LLC, | **CIVIL ACTION NO.** |
| Plaintiff, | **JUDGE:** |
| v. | **MAG:** |
| BRAZILMED, LLC; TEGRIS ADVISORS, LLC; RENE-PIERRE AZRIA; ABC CORORATIONS 1-10; and JOHN DOES 1-10, | **COMPLAINT** |
| Defendants. | |

Plaintiff KCG Americas LLC, through its attorneys, Bressler, Amery & Ross, P.C., by way of its Complaint against Defendants Tegris Advisors, LLC, BrazilMed, LLC, Rene-Pierre Azria, ABC Corporations, and John Does 1-10, herein alleges:

### THE PARTIES

1.     Plaintiff KCG Americas LLC, f/k/a Knight Capital Americas, LLC, as successor-in-interest to Knight Capital Americas, L.P. (hereafter "Plaintiff" or "Knight"), is a limited liability company with its principal place of business located in Jersey City, New Jersey.

2.     Defendants Tegris Advisors, LLC and BrazilMed are Delaware limited liability companies, with a principal place of business located in New York, NY.  On June 12, 2013 Defendant Tegris Advisors, LLC changed its name to BrazilMed LLC ("BrazilMed").  These entities will be collectively referred to as Tegris Advisors.

3.     Defendant Rene-Pierre Azria ("Azria") is an individual who is and at all times relevant was the Managing Member, President and CEO of Defendant Tegris Advisors or

otherwise doing business as Tegris Advisors.  Azria maintains offices and/or does business and, upon information and belief, resides in New York, NY.

4.      Defendants, ABC Corporations 1-10, being fictitious names, are entities which committed conspired to commit, facilitated, aided, abetted, controlled, directed, and/or are otherwise liable for the actions complained of herein whose identities have not yet been discovered.

5.      Defendants, John Does 1-10, being fictitious names, are individuals who committed, conspired to commit, facilitated, aided, abetted, controlled, directed, and/or are otherwise liable for the actions complained of herein whose identities have not yet been discovered

## VENUE AND JURISDICTION

6.      The Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the opposing parties are all citizens of different states.

7.      Pursuant to 28 U.S.C. §1391, Southern District of New York is the proper venue for this matter because a substantial part of the events giving rise to the claims in this matter occurred in New York.

## FACTS COMMON TO ALL COUNTS

8.      During 2012, Plaintiff and Defendant Azria negotiated an agreement whereby Plaintiff would be retained to act as an exclusive placement agent in connection with a debt financing transaction.

9.      Defendant Azria represented that he was President and Managing Member of Tegris Advisors and that Tegris Advisors would be the financial advisor in connection with the

transaction.

10.     Defendant Azria exercised pervasive control over Tegris Advisors, disregarded the separate nature of Tegris Advisors, commingled funds between personal accounts and Tegris Advisors' accounts, made personal payments and transfer of assets from Tegris Advisors', and Tegris Advisors was a mere facade for Defendant Azria.

11.     During negotiations Plaintiff noted that legal fees and costs associated with the proposed transaction would be substantial and that a critical term necessary for it to enter into any agreement would be Defendant Tegris Advisors' agreement to pay and assure of its ability to pay all legal fees and costs incurred by Plaintiff in connection with any transaction which Plaintiff would undertake on behalf of these Defendants.

12.     Defendant Azria agreed that Tegris Advisors could and would pay these legal fees and costs and, to assure Plaintiff of its ability to do so, represented that his company Tegris Advisors was actively working on various mergers and acquisitions within the United States and internationally and that, indeed, the proposed agreement with Plaintiff would merely create an additional revenue stream for Tegris Advisors.

13.     Therefore, on June 8, 2012, Defendant Azria signed an agreement (the "Agreement") whereby Plaintiff was retained to act as exclusive placement agent in connection with a debt financing transaction for which Defendant Tegris Advisors was acting as the financial advisor (the "Financing") as outlined in greater detail in the Agreement.

14.     Pursuant to Section 3 of the Agreement, Tegris Advisors was responsible to Knight for all of Knight's costs and expenses including, without limitation, the documented fees and disbursements of its legal counsel (including any local counsels) provided that the engagement of such counsel was approved by Defendants in advance.

3

15.     Section 3 of the Agreement also states and acknowledges that it was anticipated that counsel for the Financing would be the law firm of Proskauer Rose, LLP, along with local counsel in Brazil and Argentina.

16.     Pursuant to Section 3 of the Agreement, Knight provided a written estimate to Tegris Advisors of the expected fees and expenses associated with such legal counsel prior to the engagement of any such legal counsel.

17.     By email dated May 12, 2012, Tegris Advisors approved Knight's retention of legal counsel and the estimated cost and expense associated with the engagement.

18.     Subsequently, the law firms of Proskauer Rose, LLP., Vieira, Rezende, Barbosa E. Guerreiro Advogados, and Bird & Bird, LLP were retained by Plaintiff and costs and legal fees were incurred in connection with the Financing.

19.     The costs and legal fees incurred and agreed to be advanced by Knight in connection with the Financing are less than the estimated amount that was "approved" by Defendant Tegris Advisors in a May 12, 2012 email.

20.     Plaintiff has since requested that Defendants pay and/or reimburse Knight for the legal fees and costs that were incurred in accordance with the Agreement.

21.     To date, and despite Plaintiff's demand, Defendant Tegris Advisors has failed and refused to reimburse or otherwise pay Knight for the legal fees and costs that were incurred in connection with the Financing.

22.     Instead, on March 31, 2014 Tegris Advisors advised that it "has no assets, had no assets of any substance and expected only to receive advisory fees if the project was completed…". (Attached hereto as Exhibit "A" is a true copy of a March 31, 2014 letter sent by counsel for Tegris Advisors.)

4

23.     Notwithstanding Tegris Advisors' March 2014 claim that it had no assets or significant prospects, during a taped interview with Claudia Shea at the 2014 M&A Advisory Summit in New York in November 2014, Defendant Azria announced that his company Tegris Advisors performs "cross-border mergers and acquisitions for US companies and European companies and for some of the larger companies, tending to do larger transactions then smaller transactions."

24.     Moreover, on February 13, 2015 Defendant Azria sent an announcement "that Tegris Advisors has merged its activities into LionTree Advisors, a New York based, fast-growing advisory firm.  LionTree was founded three years ago by Aryeh Bourkoff and Ehren Stenzler and has worked successfully on over $80 billion of transactions."  (Attached hereto as Exhibit "B" is a true copy of Defendant Azria's February 13, 2015 e-mail.)

25.     Defendant Azria has since commenced employment with LionTree Advisors ("LionTree").

26.     Defendant Tegris Advisors also updated its website with this identical announcement.  (Attached hereto as Exhibit "C" is a true copy of Defendant Tegris Advisors's website as of April 20, 2015.)

27.     The Wall Street Journal, Bloomberg, and other news media outlets announced this merger as well.

28.     Upon information and belief Defendant Tegris Advisors is defunct.

29.     As a direct and proximate result thereof, Plaintiff has been damaged.

## FIRST COUNT
### (Fraudulent Inducement – against all Defendants)

30.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 29 of the Complaint as if set forth at length herein.

5

31.     Defendant Azria knowingly made false representations and assurances to Knight that Tegris Advisors had sufficient capital to honor and/or comply with the Agreement and that Knight would be reimbursed for the legal fees and expenses incurred in connection with the Financing on behalf, and for the benefit of, Defendant Tegris Advisors.

32.     Defendant Azria's false representations and assurances were made with the intent to induce Knight to enter into the Agreement and retain the requisite legal counsel for the Financing.

33.     The express representations made by Defendant Azria to Plaintiff were material as they constituted express assurances that Plaintiff would be appropriately and timely reimbursed for the legal fees and costs incurred by Plaintiff in connection with the Financing.

34.     Plaintiff justifiably relied upon the representations made by Defendant Azria when it executed the Agreement and performed its obligations in accordance with its terms.

35.     Upon information and belief, Defendant Azria had no intention of causing Defendants to perform their obligations under the Agreement and no intention of reimbursing Knight for the legal fees and costs incurred in the event the Financing was not successful.

36.     By reason of Plaintiff's reliance on Defendant Azria's misrepresentations and omissions of material fact, Plaintiff has suffered and continues to suffer substantial economic harm.

**WHEREFORE,** Plaintiff, **KCG AMERICAS LLC,** demands judgment against Defendants, **RENE-PIERRE AZRIA, BRAZILMED, LLC, TEGRIS ADVISORS, LLC, ABC CORPORATIONS 1-10, and JOHN DOES 1-10**, for compensatory damages, consequential damages, incidental damages, attorneys' fees, costs of suit, and such other relief as this Court deems just and proper.

6

## SECOND COUNT
### (Breach of Contract – against all Defendants)

37.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 36 of the Complaint as if set forth at length herein.

38.     Plaintiff fulfilled all of its obligations under the Agreement.

39.     Defendants have failed to pay and/or reimburse Knight for the legal fees and costs incurred in connection with the Financing, despite Knight's demand.

40.     Defendants' failure to pay and/or reimburse Knight for the legal fees and costs incurred in connection with the Financing constitutes a breach of the Agreement.

41.     As a direct and proximate result of Defendants' acts and omissions, including their failure and refusal to pay and/or reimburse Knight for the legal fees and costs incurred in connection with the Financing, Plaintiff has been damaged.

42.     Additionally, Defendant Azria is a mere alter ego of Tegris Advisors and, as explained above, has lost the protection of the "corporate shield."

**WHEREFORE,** Plaintiff, **KCG AMERICAS LLC,** demands judgment against Defendants, **RENE-PIERRE AZRIA, BRAZILMED, LLC and TEGRIS ADVISORS, LLC,** for compensatory damages, specific performance, consequential damages, incidental damages, attorneys' fees, costs of suit, and such other relief as this Court deems just and proper.

## THIRD COUNT
### (Breach of the Covenant of Good Faith and Fair Dealing – against all Defendants)

43.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 42 of the Complaint as if set forth at length herein.

44.     In every contract there is an implied covenant of good faith and fair dealing by each party not to do anything which will deprive the other party or parties of the benefits of the

contract, and a breach of this covenant by failure to deal fairly or in good faith gives rise to an action for damages.

45.     Defendants breached the implied covenant of good faith and fair dealing in a number of ways, including requesting that Plaintiff engage legal counsel and incur legal fees and costs in connection with the Financing upon the promise to be reimbursed for such fees and costs without ever having the intent to do so and then failing to pay Plaintiff those costs and fees.

46.     As a direct and proximate result thereof, Plaintiff has been damaged.

**WHEREFORE,** Plaintiff, **KCG AMERICAS LLC,** demands judgment against Defendants, **RENE-PIERRE AZRIA, BRAZILMED, LLC, TEGRIS ADVISORS, LLC, ABC CORPORATIONS 1-10, and JOHN DOES 1-10**, for compensatory damages, specific performance, consequential damages, incidental damages, attorneys' fees, costs of suit, and such other relief as this Court deems just and proper.

## FOURTH COUNT
### (Fraudulent Conveyance – Against All Defendants)

47.     All of the allegations of paragraphs 1-46 are incorporated herein as though repeated verbatim and at length.

48.     Defendant Tegris Advisors transferred all of its assets to BrazilMed, Azria and/or LionTree with actual intent to hinder, delay, and defraud Plaintiff, a creditor.

49.     Upon information and belief, these assets were transferred between Defendants without receiving a reasonably equivalent value in exchange for the transfers, leaving Defendant Tegris Advisors insolvent and unable to pay its debts in due course rendering Defendant Tegris Advisors insolvent and/or with unreasonably small capital to conduct its business.

50.     Upon information and belief, assets were transferred for the sole reason of concealing their location and/or avoiding creditors.

8

51.     Upon information and belief the transfer was of all and/or substantially all of Defendant Tegris Advisors's assets.

52.     Defendant Tegris Advisors made these transfers in the hopes that it would conceal assets and avoid payment to its creditors.

53.     Defendant Tegris Advisors transferred all and/or substantially all of its assets to BrazilMed, Azria and/or LionTree after Plaintiff's claims arose.

54.     Plaintiff was given no notice of the transfer and, in fact, it appears that the transfer was concealed from Plaintiff.

55.     As a direct and proximate result thereof, Plaintiff has been damaged.

56.     Defendants thereby violated <u>N.Y. Debt. & Cred. Law</u> §§ 270-81.

**WHEREFORE,** Plaintiff, **KCG AMERICAS LLC,** demands judgment against Defendants, **RENE-PIERRE AZRIA, BRAZILMED, LLC, TEGRIS ADVISORS, LLC, ABC CORPORATIONS 1-10, and JOHN DOES 1-10,** for compensatory damages, specific performance, consequential damages, incidental damages, attorneys' fees, costs of suit, and such other relief as this Court deems just and proper.

**<u>FIFTH COUNT</u>**
**(Unjust Enrichment – against all Defendants)**

57.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 56 of the Complaint as if set forth at length herein.

58.     Plaintiff conferred a benefit on Defendants by engaging legal counsel for Defendants and incurring significant legal fees and costs on Defendants' behalf.

59.     Retention of the benefits conferred on the Defendants without compensation would be unjust.

60.     The Defendants have not compensated Plaintiff for retaining legal counsel on Defendants' behalf and/or incurring the obligation to pay or paying, significant legal fees and costs on the Defendants' behalf.

61.     As a direct and proximate result thereof, Plaintiff has been damaged.

62.     The Defendants are therefore liable to Plaintiff under the equitable doctrine of unjust enrichment.

**WHEREFORE,** Plaintiff, **KCG AMERICAS LLC,** demands judgment against Defendants, **RENE-PIERRE AZRIA, BRAZILMED, LLC, TEGRIS ADVISORS, LLC, ABC CORPORATIONS 1-10, and JOHN DOES 1-10,** for compensatory damages, specific performance, consequential damages, incidental damages, attorneys' fees, costs of suit, and such other relief as this Court deems just and proper.

## SIXTH COUNT
### (Negligent Misrepresentation – against all Defendants)

63.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 62 of the Complaint as if set forth at length herein.

64.     Defendant Azria made misrepresentations of material fact to Plaintiff concerning Defendants intention pay and/or reimburse Plaintiff for the legal fees and costs incurred in connection with the Financing and/or Defendants' ability to perform their duties and obligations under the Agreement.

65.     Plaintiff reasonably and justifiably relied upon the Defendants Azria's representations and assurances in executing the Agreement, retaining legal counsel in connection with the Financing, incurring legal fees and costs in connection with the Financing on Defendants' behalf, and otherwise performing its obligations under the Agreement.

66.     The misrepresentations made by Defendant Azria caused Plaintiff to sustain and incur significant damages.

**WHEREFORE,** Plaintiff, **KCG AMERICAS LLC,** demands judgment against Defendants, **RENE-PIERRE AZRIA, BRAZILMED, LLC, TEGRIS ADVISORS, LLC, ABC CORPORATIONS 1-10, and JOHN DOES 1-10,** for compensatory damages, consequential damages, incidental damages, attorneys' fees, costs of suit, and such other relief as this Court deems just and proper.

### SEVENTH COUNT
### (Fraud – against all Defendants)

67.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 66 of the Complaint as if set forth at length herein.

68.     Defendants represented to Plaintiff, on several occasions Defendants' ability to pay the legal fees and costs incurred in connection with the Financing.

69.     The representations made by Defendants to Plaintiff were made with clear and unambiguous intent to secure Plaintiff's reliance upon such representations and induce Plaintiff to effectuate the Financing, as Defendants sought for Plaintiff to continue providing the arrangement, negotiation, and/or advisory services to Defendants.

70.     Plaintiff would not have rendered any services to Defendants in the absence of Defendants' representation and agreement that they would be able to pay and would actually pay for and/or reimburse Plaintiff for the legal fees and costs incurred in connection with the Financing.

71.     Plaintiff reasonably and justifiably relied upon Defendants' representation that Plaintiff would be paid and/or reimbursed for the legal fees and costs incurred in connection with the Financing.

11

72.     Defendants were aware of the falsity of the their material misrepresentations to Plaintiff, as described in the allegations made herein, when such material representations were made.

73.     By reason of Plaintiff's reliance on Defendants' material misrepresentations, Plaintiff has suffered definite and substantial economic harm.

**WHEREFORE,** Plaintiff, **KCG AMERICAS LLC,** demands judgment against Defendants, **RENE-PIERRE AZRIA, BRAZILMED, LLC, TEGRIS ADVISORS, LLC, ABC CORPORATIONS 1-10, and JOHN DOES 1-10,** for compensatory damages, specific performance, consequential damages, incidental damages, attorneys' fees, costs of suit, and such other relief as this Court deems just and proper.

## EIGHTH COUNT
### (Declaratory Relief– against All Defendants)

74.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 73 of the Complaint as if set forth at length herein.

75.     By reason of the foregoing, Plaintiff is entitled to a judgment declaring that Defendants are responsible for, and otherwise obligated to pay, all legal fees and costs incurred and/or paid by Plaintiff in connection with the Financing.

**WHEREFORE,** Plaintiff, **KCG AMERICAS LLC,** demands judgment against Defendants, **BRAZILMED, LLC, TEGRIS ADVISORS, LLC, RENE-PIERRE AZRIA, ABC CORPORATIONS 1-10, and JOHN DOES 1-10,** declaring that Defendants are jointly and severally liable and responsible for the attorneys fees and costs incurred and paid by Plaintiff in connection with the Financing.

## NINTH COUNT
**(Indemnification – against Tegris, BrazilMed, ABC Entities 1-10, and John Does 1-10)**

76.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 75 of the Complaint as if set forth at length herein.

77.     Pursuant to Annex A of the Agreement, Defendants agreed and are obligated to indemnify Plaintiff from and against any and all losses, claims, damages, expenses and liabilities to which Plaintiff may become subject as a result of Defendants' breach of any representation, warranty or covenant of the Agreement.

**WHEREFORE,** Plaintiff, **KCG AMERICAS LLC,** demands judgment against Defendants, **BRAZILMED, LLC TEGRIS ADVISORS, LLC, ABC CORPORATIONS 1-10, and JOHN DOES 1-10,** for compensatory damages, specific performance, consequential damages, incidental damages, attorneys' fees, costs of suit, and such other relief as this Court deems just and proper.

**BRESSLER, AMERY & ROSS, P.C.**

By:   */S/ Daniel R. Korb, Jr.*

Dated:  June 12, 2015

Daniel R. Korb, Jr., Esq. (DK7435)
325 Columbia Turnpike
Florham Park, New Jersey 07932
Phone:  (973) 514-1200
Fax:  (973) 514-1660
dkorb@bressler.com
Attorneys For Plaintiff
KCG Americas LLC

13

# EXHIBIT A

THOMAS A. KANE (1928-1977)
SIDNEY S. KESSLER (1936-1986)
JOSEPH NURNBERG (1978-2003)

DARREN S. BERGER*†
PETER CAMPITIELLO
ADAM M. COHEN
STEVEN E. COHEN
GARY E. CONSTABLE†
JEFFREY H. DAICHMAN
ARIS HAIGIAN
MITCHELL D. HOLLANDER†
S. REID KAHN**
ROBERT L. LAWRENCE
RONALD L. NURNBERG
GARY E. OSTROFF
ARTHUR M. ROSENBERG†
DAVID R. ROTHFELD
JUDITH A. STOLL
DANA M. SUSMAN†
JEFFREY S. TULLMAN

ALSO ADMITTED
FLA. BAR*
N.J. BAR†
N.J. AND D.C. BAR**

# KANE KESSLER, P.C.

1350 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-4896
(212) 541-6222
FAX: (212) 245-3009
WWW.KANEKESSLER.COM

WRITER'S DIRECT NUMBER

(212) 519-5142
JDAICHMAN@KANEKESSLER.COM

JEAN-PIERRE LAVIELLE
STEPHEN STEINBRECHER
SENIOR COUNSEL

PETER R. HERMAN
ROBERT KOLODNEY
BARRY E. NEGRIN†
ROBERT L. SACKS
BRUCE M. SCHLOSS
PAUL E. SZABO
LOIS M. TRAUB
COUNSEL

MICHAEL A. ZIMMERMAN
OF COUNSEL

LINDA M. DOUGHERTY
NIKI J. FRANZITTA
ARI M. GAMSS
MARISA A. JEROME
BRENDAN P. McFEELY
MELISSA B. MORALES
TANYA C. POHL
GERARD SCHIANO-STRAIN
ALEXANDER SORIC
JOSEPH J. VENTIMIGLIA
JONATHAN A. ZALKIN

March 31, 2014

**BY EMAIL AND REGULAR MAIL**
Steven M. Kayman, Esq.
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036-8299

Re:  June 8, 2012 Letter Agreement

Dear Mr. Kayman:

On behalf of BrazilMed, I am responding to your letter, dated March 4, 2014. My client continues to deny that it owes Proskauer, or any other firm, amounts for legal fees and expenses under the June 8, 2012 letter agreement (the "Agreement"), or otherwise.

We are not convinced of the points you made in response to my letter of January 8, 2014 to Knight Capital. Without going into great detail, I will respond to your bullet points *seriatim*:

- The crux of the fraudulent inducement claim consists of the representations by Knight Capital, and others, concerning Knight Capital's ability to fulfill its obligations under the Agreement. The $460 million loss due to a technological breakdown of massive proportions, which occurred on August 1, 2012, caused my client serious misgivings, but it received assurances that these failures on the trading side would not jeopardize the ability to perform on the financing side. Those statements induced BrazilMed to continue working with Knight Capital, but unfortunately the representations proved to be false. No independent

investigation or amount of sophistication and experience could have uncovered this. In any event, Knight Capital's failure to adequately perform its duties amounts to a material breach of the Agreement, thereby discharging BrazilMed from any reimbursement obligation.

- The decision by BrazilMed "to go forward with money raising efforts under the Agreement" was induced by the fraudulent representations of Knight Capital that it still had the ability to perform. These representations were made at the very meetings you referenced in your letter.

- You dismiss my request for budgets and approvals as "pre-complaint discovery," but cite only an email which was described by Knight Capital as a "cap" of $700,000. Notably, the approval you cite is in response to the express undertaking by Kight Capital to cap Proskauer's fes at $700,000 and discuss additional charges with BrazilMed prior to exceeding the cap, none of which discussions ever occurred. Having never properly informed BrazilMed nor obtained the required approval, the demand for over $1.3 million for Proskauer's fees and additional sums for Dutch and Brazilian counsel (for which there were no estimates or approvals) is inconsistent with these undetakings.

We continue to question the Proskauer invoices, especially assigning an unduly large number of attorneys expending excessive and unreasonable hours to attend printing sessions, charging for services beyond the scope of the engagement (e.g, for tax issues and withholdings, drafting a Placement Agency Agreement, intercreditor arrangements and indenture, pledge and security agreements, which seems be for the benefit of the Sellers and Issuer rather than Knight Capital) and accelerating legal work at a time when it was evident that the project was moribund.

- The Agreement provides only for "reimbursement" of fees and expenses paid by Knight Capital, yet Knight Capital has not provided any record of payment. This is more than a "technical objection" and it cannot "be cured ... by a simple assignment," inasmuch as Section 15 of the Agreement prohibits an assignment without the other party's consent. Assuming *arguendo* an assignment could be made or Proskauer could otherwise assert rights under the Agreement, any obligation to pay has been discharged for the reasons set forth above.

330026-v1

*Steven M. Kayman, Esq.*
*Page 3 of 3*
*March 31, 2014*


Finally, you should be aware that just like ImPact Holdings has no assets, BrazilMed has no assets, had no assets of any substance and expected only to receive advisory fees if the project was completed, which it was not.  Accordingly, any litigation Proskauer or others may decide to commence would be purposeless.

Under these circumstances, my client sees no reason to attend a meeting.


Very truly yours,

Jeffrey H. Daichman


JHD:jt



330026-v1

# EXHIBIT B

# Redacted

**From:** Rene-Pierre Azria <rpazria@liontree.com>
**Date:** February 13, 2015 at 8:54:23 PM EST
**To:** Undisclosed recipients:;
**Subject:** Tegris merges into LionTree ! New details...

Dear all,

I am pleased to announce that Tegris Advisors has merged its activities into LionTree Advisors, a New York based, fast-growing advisory firm. LionTree was founded three years ago by Aryeh Bourkoff and Ehren Stenzler and has worked successfully on over $80 billion of transactions.

LionTree is focused on Telecoms, Media and Technology. The alliance with Tegris enables the firm to widen its activities to other sectors, in particular Consumer and Retail, and to strengthen its activities in Europe. The firm is a full broker-dealer.

Please note my new details:

Email: rpazria@liontree.com
Off.: +1-212-644-5376
Mobile: no change.

I look forward to our continuing relationship.

With best regards,

Rene-Pierre Azria
Senior Partner

---

This e-mail and any files transmitted with it are intended solely for the use of the individual or entity to whom they are addressed. If the reader of this e-mail is not the intended recipient or the employee responsible for delivering the message to the intended recipient, you are hereby notified that any use, dissemination, forwarding, printing or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please contact the sender and destroy this e-mail and all copies of it. This e-mail may contain information that is privileged, confidential, proprietary and exempt from disclosure under applicable law. Unless specifically indicated, this message is not an offer to sell or a solicitation of any investment products or other financial products or services, an official confirmation of any transaction, or an official statement of LionTree Advisors LLC or any affiliate thereof. Investment or financial products or services are offered only through LionTree Advisors LLC. This communication is not intended for distribution to, or use by, any person or entity in any location where such distribution or use would be contrary to law or regulation, or which would have LionTree Advisors LLC or any affiliate thereof subject to any registration requirement within such location. Subject to applicable law, LionTree Advisors LLC or any affiliate thereof may monitor, review and retain e-mails traveling through its networks/systems.

# EXHIBIT C

# Tegris

Tegris Advisors is pleased to announce that it has merged its activities into LionTree Advisors, a New York based, fast-growing advisory firm. LionTree was founded three years ago by Aryeh Bourkoff and Ehren Stenzler and has worked successfully on over $80 billion of transactions.

LionTree is focused on Telecoms, Media and Technology. The alliance with Tegris enables the firm to widen its activities to other sectors, in particular Consumer and Retail, and to strengthen its activities in Europe. The firm is a full broker-dealer.